UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY VICTORIA HARTNETT,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF PLACER, a public entity; PLACER COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES (CSOC), a public entity; PLACER COUNTY COURT APPOINTED SPECIAL ADVOCATES (CASA), a public entity; RICHARD J. BURTON, M.D., M.P.H., director as an individual and-in official capacity; KEVIN HENDERSON, as an individual and-in official capacity; DIANA RYAN, program supervisor, as an individual and-in official capacity; H. PAUL SANDERS, as an individual and-in official capacity; APRIL CAREW, as an individual, and-in official capacity; KATHY TANNER, as an individual, and-in official capacity; KAREN SCHLANGER, as an individual and-in official capacity; TOM LIND, as an individual and-in official capacity; ROMNEY LYNN, as an individual and-in official capacity; DON KLEINDER, casa director, as an individual and-in official capacity; TAMARA LARSON, CASA worker as an individual and-in official capacity; CHRISTINE TAYLOR | No. 2:13-cv-1636-GEB-KJN<br><br>**ORDER GRANTING EACH DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FEDERAL CLAIMS AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS UNDER 28 U.S.C. § 1367** |

1

BROWN, as an individual and DOES 1 through 25 inclusive,

    Defendants.

The following Defendants seek dismissal of the claims alleged in Plaintiff's Third Amended Complaint ("TAC"): Richard Burton, Kevin Henderson, Diana Ryan, H. Paul Sanders, April Carew, Kathy Tanner, Karen Schlanger, Tom Lind, Candyce Skinner, Romney Lynn, , Placer County Department of Health and Human Service ("CSOC"), the County of Placer ("the County") (collectively "the County Defendants"), Child Advocates of Placer County,[1] Tamara Larson, and Don Kleinder. Each Defendant seeks dismissal with prejudice.

Plaintiff's TAC concerns allegations that each Defendant deprived her of custody of her child during a child custody dispute with her ex-spouse, Hartnett.

## I. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556

---

[1] Since Child Advocates of Placer County argues it was erroneously sued as "Placer County Court Appointed Special Advocates (CASA)," it is referred to herein as Child Advocates of Placer County.

2

(2007)). "For purposes of a motion to dismiss, we accept all well-pleaded allegations of material fact as true and construe them in the light most favorable to the nonmoving party." Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). However, "we do not accept legal conclusions in the complaint as true, even if cast in the form of factual allegations." Lacano Inv., LLC v. Balash, 765 F.3d 1068, 1071 (9th Cir. 2011) (internal quotation marks omitted).

## II. FACTUAL ALLEGATIONS

The TAC contains the following allegations that relate to the motion. Plaintiff and Hartnett had shared custody of their child, A.H., prior to their divorce. (TAC ¶ 33.) However, Plaintiff lost custody in 2010 as a result of a "Juvenile Court" removal order, which was overturned in 2012 by the California Third District Court of Appeal. (Id. ¶¶ 43, 45.) "The Juvenile Court officially removed A.H. from [Plaintiff's custody] . . . on August 16, 2010 . . . [and] awarded full legal and physical custody . . . to Hartnett on June 1, 2011, when the . . . case was terminated." (TAC ¶ 43.) Plaintiff "appealed the Juvenile Court's . . . decision," which the Third District Court of Appeals "reversed on August 8, 2012, . . . [in an order holding that] Placer County Children's Systems of Care (CSOC) was not legally justified in taking [her] . . . child." (TAC ¶¶ 45, 29.)

Plaintiff alleges each Defendant made one or more negligent and intentional misrepresentations about her mental health during the Juvenile Court proceedings and that the Juvenile Court relied on these misrepresentations when it rendered its wrongful decision to award sole custody of A.H. to

3

Hartnett. Specifically, Plaintiff alleges she has been diagnosed with attention deficit hyperactivity disorder ("ADHD") and that this diagnosis is included in psychological evaluations performed during the custody proceedings; however these evaluations also contain "false information" from Hartnett that Plaintiff "was seriously mentally ill, [and was] bi-polar," and that Defendants "fixated on [these] . . . unfounded allegations," and "intentionally repeated" them in reports submitted to the state court and in testimony given during the custody proceedings, without mentioning Plaintiff's ADHD diagnosis. (TAC ¶¶ 4, 36-38, 40-41, 100, 127, 157, 173.) Plaintiff alleges the Juvenile Court used each Defendant's "fraudulent misrepresentations, falsified evidence and omission of exculpatory evidence" to take away Plaintiff's child custody rights. (TAC ¶¶ 28, 56, 163, 173.)

Plaintiff alleges the district court has subject-matter jurisdiction over her federal claims under 28 U.S.C. §§ 1343(a)(3)-(4), 1331(a), and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367. (TAC ¶ 2.)

### III. DISCUSSION

**A. Familial Association and Free Exercise Claims**

Defendants argue Plaintiff's claim, in which she alleges she was deprived of her First Amendment right to familial association with her child, is barred by the applicable two year statute of limitations. The County, Schlanger, Lynn, Burton, Henderson and Ryan also argue that Plaintiff's First Amendment right to the free exercise of her religion claim is barred by this same limitations period.

"State law determines the statute of limitations for

4

1  [claims] brought under 42 U.S.C. § 1983." Usher v. City of Los
2  Angeles, 828 F.2d 556, 558 (9th Cir. 1987). "The applicable
3  statute of limitations for actions brought pursuant to 42 U.S.C.
4  § 1983 is the forum state's statute of limitations for personal
5  injury actions." Carpinteria Valley Farms, Ltd. v. Cnty. of Santa
6  Barbara, 344 F.3d 822, 828 (9th Cir. 2003). "[T]he applicable
7  statute of limitations under California law is two years" since
8  California's statute of limitations for personal injury actions
9  is two years. Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir.
10 2014) (citing Cal. Code Civ. Proc. § 335.1).

**1. Familial Association**

Defendants argue Plaintiff's familial association claims accrued no later than when Plaintiff lost custody of her daughter, "which occurred on either August 16, 2010 [when Plaintiff alleges the Defendants acted to take A.H. from her] or in any case no later than June 1, 2011" when Plaintiff alleges the Juvenile Court awarded Hartnett custody. (Mem. P&A Supp. Mot. Dismiss ("County Mot.") 4:25-27, ECF No. 34-1.)

Plaintiff argues her familial association claims did not accrue until August 8, 2012 when the "Third District Court of Appeals [decision] revealed. . . that CSOC did not have the right to remove [Plaintiff's] child from her custody." (Opp'n 15:22-23, ECF No. 36.)

Plaintiff alleges in the TAC that each Defendant violated her right to familial association when "on August 16, 2010, [each Defendant] acted, or knew and agreed and conspired, to continue to unlawfully seize . . . or remove A.H. from [Plaintiff] . . . and [when] on November 10, 2010, instead of

dismissing all charges and returning the child to [Plaintiff], defendants' acted, or knew and agreed and conspired, to continue to unlawfully seize... or remove A.H. from her mother." (TAC ¶ 182.)

"Although California law determines the length of the [statute of] limitations period, federal law determines when a civil rights claim accrues. Accrual is the date on which the statute of limitations begins to run; under federal law, a claim accrues when the plaintiff knows of or has reason to know of the injury which is the basis of the action." Lukovsky v. City and Cnty. of S.F., 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks, citations, and emphasis omitted).

"The basis of [Plaintiff's] lawsuit is the unlawful removal of her child[] . . . [which she alleges occurred no later than November 10, 2010]." Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs., 606 F.3d 301, 307 (6th Cir. 2010). Plaintiff's contention that her claims were "held . . . in abeyance pending final resolution of the state custody case [is not supported by federal tolling law and does not provide a basis for] toll[ing] or otherwise chang[ing] the date of the accrual of her claim[]." Id. "Once a plaintiff knows that harm has been done to [her, she] . . . must determine within the period of limitations whether to sue or not, which is precisely the judgment that other tort claimants must make." Lukovsky, 535 F.3d at 1050. Therefore, Plaintiff's alleged harm occurred no later than November 10, 2010 when Plaintiff alleges A.H. "continued to be removed from [her] care and custody," as a result of the Juvenile Court order. (TAC ¶ 83.)

Plaintiff's action was "commenced in federal district court for purposes of the statute of limitations when the complaint [was] filed." Sain v. City of Bend, 309 F.3d 1134, 1128 (9th Cir. 2002). Plaintiff filed her initial complaint on August 8, 2013; since her familial association claims were commenced "well outside the two-year limitations period . . . [the] claim[s] . . . [are] untimely" and therefore dismissed with prejudice. Kovacic, 606 F.3d at 308.

### 2. Free Exercise Claim

The County, Schlanger, Lynn, Burton, Henderson and Ryan argue Plaintiff's free exercise claim also accrued more than two years before she filed her complaint. Plaintiff did not respond to this argument in her opposition brief.

Plaintiff alleges:

> Karen Schlanger told Plaintiff that A.H. could not attend catechism thus restricting plaintiff's rights to exercise her free choice of religion. During a supervised visit at the Catholic Church in Tahoe, Plaintiff and A.H., were walking up to the alter to light candles and pray. Romney Lynn followed them to the alter, interfered with them lighting candles, prevented them from praying, interfered with and prevented mother and daughter from exercising their rights to religious expression.

(TAC ¶ 227.) The TAC does not state the date on which this alleged free exercise violation occurred, but does allege that Schlanger was the social worker assigned to Plaintiff from "January 2002 to on or about August 30, 2010," at which point Schlanger was replaced. (TAC ¶ 12.) Even assuming the alleged violative conduct occurred on the last day that Plaintiff alleges Schlanger was assigned as "the case worker in this case," the

7

conduct underlying her claim occurred more than two years before she filed her initial complaint. Further, Plaintiff's counsel stated at the January 20, 2015 hearing on the motions that the conduct underling this claim occurred outside the statute of limitations period. See Johnson v. America Online, Inc., No. C-01-21083-RMW, 2002 WL 1268397, at *2 n.1 ("[C]ounsel is competent to make representations to the court which are binding upon his clients."); Laird v. Air Carrier Engine Serv., Inc., 263 F.2d 948, 953 (5th Cir. 1959)("Lawyers can and frequently do make statements which, had the client made them, would be admissible as admissions."). Therefore, Plaintiff's free exercise claim is dismissed with prejudice.

### B. Plaintiff's Second Claim Titled Violation of the ADA

Defendants seek dismissal of what Plaintiff states in the title of her second claim is a claim alleged under section 12182 of the A[mericans] with Disabilities Act ("ADA"). However, the text of this claim reveals it is alleged under the California Unruh Act, which is prescribed in Civil Code § 51 et. seq.; this is also evinced by the following damages Plaintiff seeks in this claim:

> [Plaintiff is] entitled to recover statutory damages of 3 times the minimum actual damages of $46,000 or at least $138,000 plus past attorney fees in a total amount yet to be determined plus current attorney's fees, <u>as provided in California Civil Code Section 52</u>. Plaintiff reserves the right to amend the claimed amount to include additional costs and expenses that have and are accruing but not yet calculated.

(TAC Prayer for Relief, ¶ 2) (emphasis added). Although it is unclear why Plaintiff titles this claim a federal ADA claim,

8

California's Unruh Act prescribes that section 12812 of the federal ADA can be used to state an Unruh Act claim as follows: "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . also constitute[s] a violation" of the Unruh Act. Cal. Civ. Code § 51(f). However, this incorporation of the federal ADA concerns pleading a California state law claim under the Unruh Act, not a federal ADA claim.[2] Therefore, there is no federal ADA claim pled in the TAC, and thus, no surviving federal claims for the purpose of subject-matter jurisdiction.

### C. State Claims

County Defendants argue the Court should decline to exercise supplemental jurisdiction over Plaintiff's state claims since the TAC does not contain a viable federal claim. (County Mot. 13:2-7.) Each claim in Plaintiff's TAC over which the district court had original jurisdiction had been dismissed. The TAC contains the following state claims: falsification of court records; intentional infliction of emotional distress; negligent infliction of emotional distress; abuse of process; failure to discharge a mandatory duty; negligent supervision; falsely accusing Plaintiff of a criminal act; placing false information in a government file; negligence; and discrimination under the California Civil Code section 51(f).

A district court may assess whether it should continue

---

[2] Plaintiff stated through counsel during the January 20, 2015 hearing on the motions that she would request leave to amend the TAC "if it means keeping [her] case alive." This conditional request is not considered a motion to amend the TAC to add a federal ADA claim since, as explained below, Plaintiff's "case [is still] alive" because Plaintiff's state claims will be dismissed without prejudice.

9

exercising supplemental jurisdiction "at every stage of . . . litigation," City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173 (1997), and may decline exercising supplemental jurisdiction over a state claim based on "considerations of judicial economy, convenience and fairness to litigants." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)). Further, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id.

The Gibbs factors weigh in favor of declining the exercise of supplemental jurisdiction over Plaintiff's remaining state claims. Therefore, Plaintiff's state claims are dismissed without prejudice under section 1367(c)(3).

### IV. CONCLUSION

For the stated reasons, Plaintiff's federal claims are dismissed with prejudice and her state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Judgment shall be entered in favor of Defendants on Plaintiff's federal claims, and this action shall be closed.

Dated: May 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

10